UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In Re: The Estate of
KIM WILLIAM LEWIS, deceased.

Case No. 1:06-cv-562

Hon. Wendell A. Miles

_____/

OPINION AND ORDER REMANDING CASE TO PROBATE COURT

Kim William Lewis, age 54, died in Kalamazoo, Michigan on April 6, 2005.  Before his

death, Lewis had been employed by DaimlerChrysler Corporation ("DaimlerChrysler"), and

through that employment maintained a retirement account governed by the Employee Retirement

Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 et seq.  On February 28, 2006, the

Michigan probate court having jurisdiction over Lewis' estate ordered DaimlerChrysler to pay

the proceeds of the retirement account to St. Clare of Montefalco Parish ("St. Clare"), which had

been designated by Lewis as a beneficiary of his account.  After DaimlerChrysler failed to obey

that order, St. Clare filed in the probate court a petition for order to show cause why

DaimlerChrysler should not be held in contempt for failing to obey the order directing payment.

DaimlerChrysler, which contends that it was served with the petition on July 21, 2006, filed its

Notice of Removal in this court on August 4, 2006.

After DaimlerChrysler filed its Notice of Removal, this court *sua sponte* ordered

DaimlerChrysler to brief the question of subject matter jurisdiction, including (a) why it believes

that all of the requirements for removal jurisdiction are satisfied, and  (b) why it believes that this

matter does not fall within the probate court exception to otherwise proper jurisdiction.  As

permitted by the court's order, St. Clare has responded. For the reasons to follow, the court concludes that DaimlerChrysler has not met its burden of proving that this court has subject matter jurisdiction over this matter.

**I**

As an employee of DaimlerChrysler, Lewis maintained a retirement account through the DaimlerChrysler Corporation Salaried Employees Savings Plan (the "Savings Plan" or the "Plan"). It is undisputed that the Plan is governed by ERISA. Before his death, Lewis (who was unmarried) completed two different forms designating the beneficiary of Plan benefits in the event of his death. On one form, Lewis designated St. Clare as the beneficiary for all of his ERISA benefits. However, on a second form executed on the same date, Lewis designated St. Clare as the beneficiary of some of his ERISA benefits (including group life insurance), but not of his Savings Plan benefits. (Lewis' second form named "My Estate" as the beneficiary of his Savings Plan benefits, apparently effectively naming no beneficiary.)

Michigan's St. Joseph County Probate Court had jurisdiction over Lewis' estate, whose assets were the subject of claims by various parties, including St. Clare. On January 23, 2006, the probate judge to which the matter had been assigned wrote to the manager in charge of the Savings Plan's administration, Kevin Carroll, informing Carroll that a possible settlement could affect the distribution of the Savings Plan. On February 28, 2006, after a settlement was reached, the probate judge issued an order directing DaimlerChrysler to pay the total proceeds of the Savings Plan payable upon the death of Lewis directly to St. Clare. On March 2, 2006, the probate judge again wrote to Carroll, informing him of the settlement and of his order directing

payment of the Savings Plan proceeds directly to St. Clare.  Despite St. Clare's repeated requests that DaimlerChrysler make payment in accordance with the probate court order, the Savings Plan proceeds were not paid.  On July 6, 2006, St. Clare filed ex parte petition for order to show cause in the probate court.  On July 11, 2006, the probate court issued its order to show cause why DaimlerChrysler and Carroll should not be held in contempt for failing to obey the February 28, 2006 order directing payment.

DaimlerChrysler filed its Notice of Removal on August 4, 2006.  The Notice of Removal identified "this action" – with the caption and case number of the probate court proceedings – as the action being removed.  The Notice of Removal also stated that the court had jurisdiction under 28 U.S.C. § 1441 and 28 U.S.C. § 1132(e) because "the present dispute relates to the administration of the [Savings] Plan."

## II

Title 28 U.S.C. § 1441(a) provides, in relevant part:

> Except as otherwise expressly provided by Act of Congress, *any civil action* brought in a State court *of which the district courts of the United States have original jurisdiction*, may be removed *by the defendant or the defendants*, to the district court of the United States for the district and division embracing the place where such action is pending.  . . .

(emphasis supplied).  Section 1446 of Title 28, which sets forth the procedural requirements for removal, provides, in relevant part:

> (a) A defendant or defendants desiring to remove any civil action . . . from a State court shall file in the district court . . . a notice of removal . . . .

3

(b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . .

If the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . . .

(c) A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. . . .

At the outset, the court addresses a non-jurisdictional issue raised by St. Clare in its initial brief filed on October 10, 2006 (docket no. 10). St. Clare argues that the notice of removal, filed on August 4, 2006, was untimely by over three months because DaimlerChrysler was first served with the probate court's order on March 31, 2006. Section 1446's 30-day time requirement, while mandatory, is not jurisdictional. E.g., Fristoe v. Reynolds Metals Co., 615 F.2d 1209, 1212 (9th Cir.1980). Therefore, although a timely objection to a late notice will defeat removal, a party may waive the defect or be estopped from objection to the untimeliness by sitting on his rights. Id. Here, St. Clare waived the right to object to such the non-jurisdictional defect of untimeliness, because it did not make its own timely motion for remand based on the defect. See 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal"); State of Louisiana v. Sparks, 978 F.2d 226, 233 n.11 (5th Cir. 1992) (right to object to non-jurisdictional defect of untimeliness waived, where not raised in

motion to remand until 36 days after removal).

The court now addresses the question of removal jurisdiction.  The removing party bears the burden of establishing federal subject matter jurisdiction.  Ahearn v. Charter Township of Bloomfield, 100 F.3d 451, 453-454 (6th Cir. 1996); Her Majesty The Queen In Right of the Province of Ontario v. City of Detroit, 874 F.2d 332, 339 (6th Cir. 1989).  "Due regard for state governments' rightful independence requires federal courts scrupulously to confine their own jurisdiction to precise statutory limits."  Ahearn, 100 F.3d at 454.  Because "[t]he decision whether to remove a suit to federal court directly implicates the constitutional allocation of authority between the federal and state courts[,]" "[t]he Supreme Court's command that federal courts must exercise jurisdictional restraint is perhaps even more compelling in the context of removal than in the context of original jurisdiction."  Palkow v. CSX Transp., Inc., 431 F.3d 543, 555 (6th Cir. 2005).  Therefore, a removal petition is to be strictly construed, with all doubts resolved against removal.  Her Majesty The Queen, 874 F.2d at 339.  Federal law expressly provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).

"Under 28 U.S.C. § 1441, removal of an action from state to federal court is allowed when the federal court has 'original jurisdiction' over the action because it is 'founded on a claim or right arising' under federal law."  Warner v. Ford Motor Co., 46 F.3d 531, 532 (6th Cir. 1995) (footnote omitted).  Moreover, given the plain language of sections 1441 and 1446, it is clear that the privilege of removal extends only to defendants, in civil actions, of which the district courts have original jurisdiction.  For purposes of removal, federal law – not state law – determines who is a defendant.  Chicago, R.I. & P.R. Co. v. Stude, 346 U.S. 574, 580, 74 S.Ct.

5

290, 294 (1954).

The underlying state court action which DaimlerChrysler has removed is a probate court action.  The Supreme Court has recognized "a 'probate exception,' kin to the domestic relation exception, to otherwise proper federal jurisdiction."  Marshall v. Marshall, 126 S.Ct. 1735, 1746 (2006).  The underlying probate court action relating to the administration of Lewis' estate is therefore not removable – a circumstance which DaimlerChrysler does not appear to dispute.  What DaimlerChrysler argues is that this court has jurisdiction over St. Clare's claim for payment of the Savings' Plan proceeds, and that the probate exception does not operate to deprive this court of its authority to resolve that dispute.  Before determining whether the probate court exception applies, however, the court must first determine whether removal was proper, for this action would not be before the court at all but for DaimlerChrysler's notice of removal.

The court must first determine whether this is a "civil action" subject to removal, for purposes of § 1441(a).  Federal courts ordinarily look to a "well-pleaded complaint" rule to determine the propriety of removal under 28 U.S.C. §§ 1331 and 1441.  Loftis v. United Parcel Service, Inc., 342 F.3d 509, 514 (6th Cir. 2003).  However, no "complaint" is present in this litigation.  Instead, as DaimlerChrysler concedes, the "proceeding" which it seeks to remove, for purposes of state law, was not initiated until St. Clare filed, in the probate court, its ex parte petition for order to show cause in July, 2006.[1]   The "proceeding" initiated was a contempt

---

[1]DaimlerChrysler relies on M.C.R. 5.101(A) and (B) in support of its position that St. Clare's petition for order to show cause initiated the "proceeding" being removed.  These sections, which apply to procedure in Michigan probate courts, provide as follows:

**(A)  Form of Action.** There are two forms of action, a 'proceeding' and a 'civil action.'

(continued...)

6

proceeding, not a "civil action."

"The power to punish for contempt is inherent in all courts."  <u>Bessette v. W.B. Conkey</u>

<u>Co.</u>, 194 U.S. 324, 326 (1904).  Michigan's probate court is no exception to this rule, for

Michigan law provides that court with contempt powers to enforce its proper orders.  <u>See</u> <u>In re</u>

<u>Reiswitz</u>, 236 Mich. App. 158, 172, 600 N.W.2d 135, 141-142 (1999) (citations omitted).  "A

contempt proceeding is *sui generis*."  <u>Bessette</u>, 194 U.S. at 326.  "It is criminal in nature, in that

the party is charged with doing something forbidden [or, as in this case, not doing something

---

[1](...continued)
> **(B)  Commencement of Proceeding.**  A proceeding is commenced by filing an application or a petition with the court.

However, part (C) of M.C.R. 5.101, which applies to "civil actions" commenced in probate court, provides as follows:

> **(C)  Civil Actions, Commencement, Governing Rules.**  The following actions, must be titled civil actions, commenced by filing a complaint and governed by the rules which are applicable to civil actions in circuit court:
>
> > (1)  Any action against another filed by a fiduciary, and
>
> > (2)  Any action filed by a claimant after notice that the claim has been disallowed.

M.C.R. 3.606, which also applies in probate court proceedings, <u>see</u> M.C.R. 5.001(A), provides the following with respect to contempts committed outside the presence of a court:

> **(A)  Initiation of Proceeding.** For a contempt committed outside the immediate view and presence of the court, on a proper showing on ex parte motion supported by affidavits, the court shall either
>
> > (1)  order the accused person to show cause, at a reasonable time specified in the order, why that person should not be punished for the alleged misconduct; or
>
> > (2)  issue a bench warrant for the arrest of the person.

7

ordered by the court], and, if found guilty, is punished.  Yet it may be resorted to in civil as well as criminal actions, and also independently of any civil or criminal action."  Id.  "The purpose of contempt proceedings is to uphold the power of the court, and also to secure to suitors therein the rights by it awarded."  Id. at 327.

Here, St. Clare's Ex Parte Petition for Order to Show Cause prays for an order requiring DaimlerChrysler to show cause why it should not be held in contempt – and punished accordingly – for failure to obey the probate court's February 28, 2006 order directing payment of the Savings Plan proceeds to St. Clare.    However, under § 1441, "'civil action' has long been interpreted to require a separate suit that is not ancillary, incidental, or auxiliary to a suit in state court."  Ohio v. Doe, 433 F.3d 502, 506 (6th Cir. 2006).   A motion for order to show cause is supplemental to the underlying action and is not a civil action under § 1441.  Scales v. General Motors Corp. Pension Administrator, 275 F. Supp.2d 871, 875 (E.D. Mich. 2003).

Moreover,  the contempt proceedings are against DaimlerChrysler, a non-party to the underlying suit.  Therefore, even if the proceedings may be deemed civil as opposed to criminal in nature, it is not at all certain that DaimlerChrysler is a "defendant" within the meaning of § 1441 where the removal was triggered solely by the filing of a petition or motion to hold a non-party, not a federal officer, in contempt of court.  Cf. 28 U.S.C. § 1442 (authorizing removal by federal officers or agencies sued or prosecuted).  For removal purposes, a defendant is the party against whom a claim is asserted for some affirmative relief.  In re Estate of Duane, 765 F. Supp. 1200, 1201 (S.D.N.Y. 1991).  The test for determining who is a defendant is not merely a nominal one – it is a functional one.  See Mason City & Ft. D.R. Co. v. Boynton, 204 U.S. 570, 579 (1907) (the word "defendant" as used in removal statute is "directed toward more important

matters than the burden of proof or the right to open and close"); <u>General Motors Corp. v. Gunn</u>,
752 F. Supp. 729, 731 (N.D. Miss. 1990) (Supreme Court has established a "functional test" for
determining parties' status).

  However, even if DaimlerChrysler may be considered a "defendant" in a civil action
within the meaning of § 1441, it is not clear that the action is one over which this court has
original jurisdiction.  Assuming that St. Clare filed a claim in the probate court against Lewis'
estate, the petition which DaimlerChrysler contends triggered its claimed right to removal does
not resemble, in any way, a cause of action under § 1132(a)(1)(B).  St. Clare's petition seeks to
have DaimlerChrysler held in contempt and punished for disobeying an order of the probate
court for payment of an asset which DaimlerChrysler did not dispute belonged to Lewis' estate.
The petition is not a claim for civil enforcement under ERISA.

  In its initial brief, DaimlerChrysler argues that this "action" could have originally been
filed in federal court "since it concerns the payment of benefits under an ERISA plan."
DaimlerChrysler's Brief in Support of Establishing This Court's Subject Matter Jurisdiction
Over This Action (docket no. 9), at 2.  In support of its position, DaimlerChrysler cites to both
29 U.S.C. § 1132(a)(1)(B) and <u>Metropolitan Life Ins. Co. v. Taylor</u>, 481 U.S. 58, 107 S.Ct. 1542
(1987) (holding that state common law causes of action asserting improper processing of a claim
for benefits under an employee benefit plan were pre-empted by ERISA and also displaced by
ERISA's civil enforcement provision, 29 U.S.C. § 1132(a)(1)(B)).  Section 1132(a)(1)(B)
provides that a civil action may be brought "by a participant or beneficiary . . . to recover
benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan,
or to clarify his rights to future benefits under the terms of the plan[.]"  Under ERISA, "[t]he

term 'beneficiary' means a person designated by a participant . . . who is or may become entitled to a benefit thereunder."  29 U.S.C. § 1002(8).  Because St. Clare is a designated beneficiary who may become entitled to a benefit under the plan, DaimlerChrysler's initial brief is correct insofar as it recognizes that St. Clare's claim against Lewis' estate could have been deemed an action under 1132(a)(1)(B).  See Riordan v. Commonwealth Edison Co., 128 F.3d 549, 552 (7th Cir. 1997) (one with a colorable claim for benefits may sue under 1132(a)); see also Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 117-118, 109 S.Ct. 948, 958 (1989) (interpreting definition of "participant" under 29 U.S.C. § 1002(7) as a claimant having a "colorable claim" that he or she will prevail in a suit for benefits).  As such, the claim was necessarily federal in character and could have been removed to federal court by a named defendant as an action under 29 U.S.C. § 1132(a)(1)(B), even though the state courts have concurrent jurisdiction over such claims under and 29 U.S.C. § 1132(e).[2]

But DaimlerChrysler was not a party to the probate court proceedings, let alone a defendant.  DaimlerChrysler was at best a stakeholder and not a true party in interest in those proceedings.  Moreover, even though it could potentially have done so (and notwithstanding questions regarding the practical wisdom of pursuing such a course of action under the circumstances), DaimlerChrysler did not file an independent action for equitable relief as a

---

[2]Section 1132(e)(1) provides as follows:

>     Except for actions under subsection (a)(1)(B) of this section, the district courts of the United States shall have exclusive jurisdiction of civil actions under this subchapter brought by the Secretary or by a participant, beneficiary, fiduciary, or any person referred to in section 1021(f)(1) of this title. State courts of competent jurisdiction and district courts of the United States shall have concurrent jurisdiction of actions under paragraphs (1)(B) and (7) of subsection (a) of this section.

fiduciary under 29 U.S.C. § 1132(a)(3)(B)[3], over which this court would have had exclusive jurisdiction pursuant to 29 U.S.C. § 1132(e).   Instead, DaimlerChrysler waited while that claim was resolved in the probate court and then – for reasons which are unknown – chose to ignore the probate court's valid order for payment of an asset of the estate.   It was only after DaimlerChrysler was threatened with punishment for contempt that it sought removal.   However, the contempt proceeding itself raises no federal question.   Although DaimlerChrysler seeks to assert a federal defense to being held in contempt, this does not create a right of removal because St. Clare could not have filed its petition for order to show cause in federal court.

DaimlerChrysler's original position in support of removal appears to be consistent with the position DaimlerChrysler took in <u>Rouse v. DaimlerChrysler Corp.</u>, 300 F.3d 711 (6th Cir. 2002).   In <u>Rouse</u>, DaimlerChrysler removed the action in order to challenge a state court's domestic relations order retroactively modifying a divorce settlement in order to give Elizabeth Rouse survivorship benefits in her deceased ex-husband's pension.   Although the propriety of the removal was not challenged, abstention was implicitly invoked by the district court.   The appellate panel stated, by way of a brief footnote, that "no one dispute[d]" the district court's jurisdiction to hear the ERISA issue and it was "clear that the district court had jurisdiction pursuant to 28 U.S.C. § 1331[.]" 300 F.3d at 715 n.1.[4]   However, the <u>Rouse</u> decision makes no reference to § 1441, and on that basis another federal court in this circuit has declined to follow

---

[3]Section 1132(a)(3)(B) provides that a civil action may be brought "by a participant, beneficiary, or fiduciary" "to obtain other appropriate equitable relief" to, among other things, enforce the terms of the plan.

[4]Section 1331 provides that the district courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

it.  See Scales, 275 F. Supp.2d at 876 (finding Rouse "not controlling" because "the court of

appeals did not consider whether a motion filed in a divorce action in state court is a 'civil

action' within the meaning of § 1441").  This court likewise declines to follow Rouse insofar as

that case in no way addresses the propriety of removal under § 1441.

DaimlerChrysler takes a different position in its reply brief.  Notwithstanding its original

position that St. Clare could originally have filed an action in federal court for payment of

benefits under 29 U.S.C. § 1132(a)(1)(B), DaimlerChrysler's reply argues that St. Clare's

petition for order to show cause is a claim for equitable relief under § 1132(a)(3) over which this

court has exclusive jurisdiction under 29 U.S.C. § 1132(e).  This current argument appears to be

an after-the-fact justification by DaimlerChrysler intended to convince the court that removal

was its only option.  However, the court fails to see how DaimlerChrysler's disobeyance of a

valid probate court order operates to bestow exclusive jurisdiction in this court over a probate

court show cause proceeding.[5]  Had DaimlerChrysler filed its own independent action as a

fiduciary, the court would have had exclusive jurisdiction under that statute.  But

---

[5]Michigan law grants the state's probate courts exclusive legal and equitable jurisdiction over "[a] matter that relates to the settlement of a deceased individual's estate," including "[t]he internal affairs of the estate," the "administration, settlement, and distribution" of the estate, and the "[d]eclaration of rights that involve an estate, devisee, heir, or fiduciary." M.C.L. § 700.1302(a).  A decedent's "estate" is defined as including "the property of the decedent." M.C.L. § 700.1104(b).  "Property" is defined as "anything that may be the subject of ownership[.]" M.C.L. § 700.1106(s).  Clearly, the probate court had jurisdiction under Michigan law to address matters involving the Savings Plan, which would constitute property of the decedent, and the probate court also had concurrent jurisdiction under 29 U.S.C. § 1132(e) to entertain any dispute regarding a colorable claim by a potential beneficiary of the plan assets. pursuant to 29 U.S.C. § 1132(a)(1)(B).  Although this has no bearing on whether this court also has jurisdiction, certainly no argument can be made that the probate court's order was void because that court was without jurisdiction or authority to act as it did.

DaimlerChrysler did not do that, and the probate court had jurisdiction over Lewis' estate and any claims against it under state law as well as concurrent jurisdiction under 29 U.S.C. §§ 1132(a)(1)(B) and 1132(e) to the extent that the claims could be deemed colorable claims under ERISA's civil enforcement provision.

  Finally, even if removal was otherwise proper insofar as DaimlerChrysler could be deemed a defendant in a civil action over which the federal courts had original jurisdiction under § 1331 and ERISA, the court is convinced that under the unique circumstances existing at the time of the removal, the probate exception applies to provide an alternate ground for remand. The probate exception

> reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court. But it does not bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction.

Marshall 126 S.Ct. at 1748.  Under the exception,

> it has been established by a long series of decisions of this Court that federal courts of equity have jurisdiction to entertain suits 'in favor of creditors, legatees and heirs' and other claimants against a decedent's estate 'to establish their claims' so long as the federal court does not interfere with the probate proceedings or assume general jurisdiction of the probate or control of the property in the custody of the state court. . . .  Similarly while a federal court may not exercise its jurisdiction to disturb or affect the possession of property in the custody of a state court, . . . it may exercise its jurisdiction to adjudicate rights in such property where the final judgment does not undertake to interfere with the state court's possession save to the extent that the state court is bound by the judgment to recognize the right adjudicated by the federal court.

Markham v. Allen, 326 U.S. 490, 494 (1946) (citations omitted).

Here, unlike in <u>Marshall</u>, there are no outstanding competing claims to the assets of Savings Plan which remain to be adjudicated.  Any such claims were resolved by settlement with the full participation of the parties to the probate proceeding and the probate court. (DaimlerChrysler, a non-party to the probate proceeding, certainly had no claim to the Savings Plan assets.)  Moreover, unlike in <u>Markham</u>, there is no occasion for this court to issue a declaratory judgment adjudicating a plaintiff's right to the estate; any claims have already been settled in the probate court.  Instead, here we have a probate court which has clearly exercised its authority over undisputed property of the estate, issuing a direct order that it be paid to a claimant pursuant to a settlement.  In the court's view, this situation clearly falls within the narrow confines of the probate exception to federal jurisdiction.  <u>See</u> <u>In re Estate of Lewis</u>, 128 F. Supp.2d 573, 574 (N.D. Ill. 2001) (ERISA preemption claimed by removing insurer did not trump or supersede long-established probate court exception).

DaimlerChrysler has alleged, by way of its reply brief, that after it filed its notice of removal it reached a settlement with St. Clare, under which DaimlerChrysler would pay the Savings Plan proceeds to Lewis' estate in accordance with what DaimlerChrysler contends are the terms of the plan.  DaimlerChrysler argues that St. Clare "reneged" on this settlement after the court issued its order questioning the existence of subject matter jurisdiction.  St. Clare denies that it agreed to any such settlement.  However, even if St. Clare had entered into such a post-removal settlement, the court is at a loss to comprehend how that would bestow removal jurisdiction on this court.  Subject matter jurisdiction must exist at the time of removal.  <u>See</u> <u>Miller v. Grgurich</u>, 763 F.2d 372, 373 (9th Cir. 1985).  Although post-petition affidavits may be considered by the court if they are relevant to the factual situation that existed at the time of the

removal, "'the jurisdictional facts that support removal must be judged at the time of the removal, and any post-petition affidavits are allowable only if relevant to that period of time.'" Sierminski v. Transouth Financial Corp., 216 F.3d 945, 948 (11th Cir. 2000).  Because this court must judge the jurisdictional facts supporting removal as of the time of removal, this purported settlement has no bearing on the question of subject matter jurisdiction.


### Conclusion

The jurisdictional issues raised by DaimlerChrysler's notice of removal are confusing at best.  Had DaimlerChrysler sought a timely resolution of the federal issue by filing of an independent action, it would likely have been able to obtain an evaluation of the merits of its position in a federal forum.   However, DaimlerChrysler, for whatever reason, did not choose that course, and the probate court exercised its jurisdiction to order the Plan proceeds to be paid to St. Clare pursuant to the agreement of the interested parties to the probate proceedings. DaimlerChrysler then disregarded the probate court's valid order, seeking this court's intervention only after being threatened with the sanction of contempt.  DaimlerChrysler has not shown that this court has jurisdiction over what is now purely a contempt petition arising from DaimlerChrysler's disregard of a valid probate court order for disposition of an asset of Lewis' estate.

Sixth Circuit law requires that "[a]ll doubts as to the propriety of removal are resolved in favor of remand[.]"  Jacada (Europe), Ltd. v. International Marketing Strategies, Inc., 401 F.3d 701, 704 (6th Cir. 2005) (quoting Coyne v. American Tobacco Co., 183 F.3d 488, 493 (6th Cir.1999)).  The court has profound doubts as to the propriety of removal under the unique

15

circumstances presented here.  It therefore suffices to say that remand is required.


### Order of Remand

The case is hereby remanded to the St. Joseph County Probate Court.

The Clerk of Court for this district shall cause a certified copy of this order to be mailed to the Clerk of the St. Joseph County Probate Court.


So ordered this 7th day of December, 2006.


 /s/ Wendell A. Miles
Wendell A. Miles
Senior U.S. District Judge